1. If *Hunter* can be considered a *bona fide* holder of the note, unaffected by notice of usury, can he maintain an action against *Hunt?* 2. Is *Thomas Bailey* a competent witness to prove the usurious renewal of the note, and the payment by him of the usurious consideration to *Hunter?*

1817.

Benson
vs
Hobbs

On the *first* point he cited *Low vs Waller*, Dougl. 736. *Young vs. White*, Campb. 141. *Rich vs. Topping*, Peake, 229. *Wilkie vs Rooswelt*, 3 Johns. Cas. 66. *Jackson vs Henry*, 10 Johns. Rep. 185. *Haley vs. Lane*, 2 Atk. 182. *Foltze vs. May*, 1 Bay's Rep. 486.

On the *second* point he cited *Jordaine vs. Lashbroke.* 7 T. R. 601. *Adams vs. Lingard*, Peake's Cas. 117. *Rich vs. Topping*, 1 Esp. Rep. 117, (and *note* 1 by *Day*.) *Swift's Evid.* 95.

No counsel argued for the appellee.

CHASE, Ch. J. delivered the opinion of the Court. In this case the court are of opinion, that the court below erred by refusing to give the direction stated in the *first* bill of exceptions, there being no evidence to prove the handwriting of *John Cretin*, one of the endorsers. The court do not decide on any other points of law arising on the facts stated in that bill of exceptions.

The court are also of opinion, that the court below erred in refusing to permit *Thomas Bailey* to prove the facts stated in the *second* bill of exceptions, as he had no interest in the event of the suit.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

## BENSON vs. HOBBS.

JUNE.

APPEAL from *Montgomery* County Court. Covenant on articles of agreement for the rent of a plantation, and the breach assigned was the nonperformance of the covenants, and nonpayment of $160 due for two years rent, &c. The defendant, (now appellee,) pleaded general performance, to which the plaintiff, (the appellant,) replied nonperformance, and issue was joined.

1. At the trial the plaintiff offered in evidence the following articles of agreement, dated the 11th of September 1810, between the plaintiff and defendant, whereby the plaintiff covenanted and agreed with the defendant, &c. that "the said *Benson* hath rented unto the said *Hobbs* all that plantation whereon *N. W. Lanham* occupies, with the improvements," &c. "for the term of four years, beginning for the first year on the 1st day of November next, for the

In covenant or articles of agreement for the non payment of rent, brought by B against H——Held, that the stipulation on the part of B to find for H two bushels of clover seed, and two bushels of timothy seed, for him to sow on the land, and let H have as much rail stuff and fire-wood as necessary for the place; also timber, plank, &c. to build a kitchen, &c. was not a dependent covenant, and B need not, in order to entitle him to recover for the rent in arrear, show that every thing stipulated on his part had been performed

Parol evidence, that there was a subsequent parol agreement between B and H, that two bushels of clover seed, and two bushels of timothy seed should be bought by H, and deducted out of the rent, not admissible in evidence as a stipulation contained in the articles of agreement, on the part of B to furnish two bushels of clover seed, &c, every year during the continuance of the lease

yearly rent of $80 per year," &c. "The said *Benson* doth further covenant and agree, to find and give unto the said *Hobbs* two bushels of clover seed, and also two bushels of timothy seed, for him to sow on said land, where the said *Hobbs* thinks best; and also to let the said *Hobbs* have as much rail stuff off said land as the place requires, and as much fire-wood as necessary for the place, during said term. And for the true performance of every of the articles," &c. "the parties bind themselves in the penal sum of $100, to be paid to the party aggrieved," &c. "N. B. The said *Benson* agrees," &c. "to find timbers and plank, nails, and all materials to build a kitchen 16 by 18 feet long; said *Hobbs* is to cut all the timbers, and assist in raising and building said kitchen. Said *Benson* agrees to have it done between this date and the 1st day of January 1811." Signed and sealed by the parties. The defendant then prayed the opinion of the court. that the said instrument of writing was a dependant covenant, and that before the plaintiff could recover for the rent in arrear, he must shew that every thing stipulated on his part had been performed. Which prayer the Court, [*Harwood*, A. J.] granted. The plaintiff excepted.

2. The plaintiff then offered evidence, that subsequent to the execution of the instrument, there was a parol agreement between the plaintiff and defendant, that two bushels of clover seed, and two bushels of timothy seed, should be bought by the defendant, and deducted out of the rent. The plaintiff offered no evidence that this had been deducted out of the rent, nor did the defendant offer any evidence that any part of the rent was paid, although the plaintiff admitted that the first year's rent was settled. The defendant then prayed the court to direct the jury, that this was a stipulation contained in the instrument on the part of the plaintiff to furnish two bushels of clover seed, and two bushels of timothy seed, every year, during the continuance of the lease. Which prayer the court granted. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before Chase, Ch. J. and Buchanan, Earle, Johnson, Martin, and Dorsey, J.

*Taney*, for the Appellant, referred to *Pordage vs. Cole*, 1. *Saund.* 320, *(note 4.)*

No counsel argued for the Appellee.

The Court dissented from the opinions of the county court in both the bills of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.